USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/9/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JONATHON MORALES,

                  Plaintiff,

       -against-

DEPARTMENT OF CORRECTIONS;
CYNTHIA BRANN; PATSY YANG;
MARGARET EGAN,

                Defendants.

1:20-CV-10126 (VEC)

ORDER TO AMEND

VALERIE CAPRONI, United States District Judge:

Plaintiff Jonathon Morales, currently held in the Vernon C. Bain Center ("VCBC"),
brings this *pro se* action under 42 U.S.C. § 1983, alleging that the defendants are violating his
federal constitutional rights by not protecting him from contracting COVID-19. Fifty VCBC
prisoners, not including Plaintiff Morales, filed the original action that initiated the present
action. The original action was assigned to Judge George B. Daniels and opened under docket
number 1:20-CV-8407. Judge Daniels referred the matter to Magistrate Judge Stewart D. Aaron,
who severed claims of the original plaintiffs other than Plaintiff Michael Lee, and directed that
the severed claims of the 49 other original plaintiffs be opened as 49 separate civil actions. *See*
*Lee v. Dept' of Corrs.*, ECF 1:20-CV-8407, 7 (GBD) (SDA) (S.D.N.Y. Nov. 9, 2020). Plaintiff
Lee thereafter filed an amended complaint in the original action, and Plaintiff Morales – the
plaintiff in this action – was mentioned as a plaintiff in the amended complaint. Magistrate Judge
Aaron then severed the claims of those new plaintiffs who had been mentioned as plaintiffs in
the amended complaint, including those of Plaintiff Morales, into additional separate civil
actions. *Lee*, ECF 1:20-CV-8407, 19 (GBD) (SDA) (S.D.N.Y. Dec. 1, 2020). This action is one
of those additional severed civil actions.

By order dated February 8, 2021, the court granted Plaintiff Morales's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1] For the reasons set forth below, the Court grants Plaintiff Morales leave to file a second amended complaint within sixty days of the date of this order.

## BACKGROUND

In *Lee*, 20-CV-8407, Plaintiff Michael Lee initially sought to bring a class action on behalf of himself and other VCBC detainees. The plaintiffs sued the Commissioner of the New York City Department of Correction, Cynthia Brann; "Health Director Commissioner" Patsy Yang; and Board of Correction Executive Director Margaret Egan. They also may have intended to sue the New York City Department of Correction (DOC).

In the original complaint, the plaintiffs alleged that they have been forced into unsafe living conditions, including by being housed in units without appropriate capacity limitations to allow for social distancing. ECF 1:20-CV-8407, 2 at 5. They also alleged that prisoners are less than "3-4 inches" apart in sleeping areas and that 50 prisoners in one housing unit share toilets, sinks, and showers. (*Id.*) They further alleged that certain detainees have contracted or been exposed to COVID-19 as a result of these conditions. (*Id.* at 7.) They sought an improvement of conditions, including a reduction in housing capacity; monetary damages; and the release of detainees who meet certain criteria. (*Id.* at 7-8.)

On November 24, 2020, Plaintiff Lee filed an amended complaint in *Lee*, 1:20-CV-8407, in which Plaintiff Morales is mentioned as a new plaintiff. ECF 1:20-CV-8407, 14. At Magistrate Judge Aaron's direction, the claims of the new plaintiffs were severed from the original action

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

and opened as new separate civil actions; the amended complaint was docketed in each of the severed actions, including this one. ECF 1:20-CV-8407, 19; ECF 1:20-CV-10126, 2. The amended complaint provides fewer details than the original complaint and does not specify how the defendants specifically violated any of the plaintiffs' constitutional rights.

## DISCUSSION

### A.    Department of Correction

The original and the amended complaints include the DOC in their captions. Whether Plaintiff Morales intended to sue this agency is unclear, but in any event, the claims against the DOC must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 395 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

### B.    Remaining Defendants

To state a claim under 42 U.S.C. § 1983, Plaintiff Morales must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

If Plaintiff Morales was a pretrial detainee at the time of the events giving rise to his claims, the claims arise under the Due Process Clause of the Fourteenth Amendment. If he was a convicted prisoner, his claims arise under the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979); *Darnell v. Pineiro*, 849 F.3d

17, 29 (2d Cir. 2017). Regardless of whether Plaintiff Morales was a pretrial detainee or convicted prisoner, he must satisfy two elements to state such a claim: (1) an "objective" element, which requires a showing that the challenged conditions are sufficiently serious, and (2) a "mental" element, which requires a showing that an officer acted with at least deliberate indifference to the challenged conditions. *Darnell*, 849 F.3d at 29-33.

The objective element of a deliberate indifference claim is the same for pretrial detainees and convicted prisoners – "the inmate must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health" or safety, which "includes the risk of serious damage to 'physical and mental soundness.'" *Id.* at 30 (quoting *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013), and *LaReau v. MacDougall*, 473 F.2d 974, 978 (2d Cir. 1972)); *see also Farmer v. Brennan*, 511 U.S. 825, 828 (1994) ("A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment."). "[P]rison officials violate the Constitution when they deprive an inmate of his basic human needs such as food, clothing, medical care, and safe and sanitary living conditions." *Walker*, 717 F.3d at 125 (internal quotation marks omitted).

The second element – the "subjective" or "mental" element – varies depending on whether a plaintiff is a pretrial detainee or convicted prisoner. A convicted prisoner must allege that a correction official "'kn[ew] of and disregard[ed] an excessive risk to inmate health or safety; the official must both [have been] aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also [have] draw[n] the inference.'" *Darnell*, 849 F.3d at 32 (quoting *Farmer*, 511 U.S. at 837). A pretrial detainee must allege "that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the

pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id.* at 35. The mere negligence of a correction official is not a basis for a claim of a federal constitutional violation under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 335-36 (1986); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986).

Because the amended complaint does not contain sufficient facts to state a claim, the Court directs Plaintiff Morales to file a second amended complaint. Plaintiff Morales's second amended complaint should allege whether he is a pretrial detainee, which housing unit(s) he is or has been assigned to during the relevant time period, and the specific conditions within those units that he contends violate his constitutional rights. For example, if Plaintiff Morales asserts that the defendants failed to comply with capacity restrictions or other precautionary measures intended to prevent the spread of COVID-19, he should allege any facts suggesting that such failures resulted in a substantial risk of serious harm to him, and that the defendants were deliberately indifferent to the risk of serious harm to his safety or health. If Plaintiff Morales names individuals as defendants, he must allege facts regarding their personal involvement in the alleged violations of his rights. Further, if Plaintiff Morales is seeking release as a remedy, he must include individualized allegations regarding the basis for such relief.

## LEAVE TO AMEND

Plaintiff Morales is granted leave to file a second amended complaint to detail his claims. First, Plaintiff Morales must name as the defendant(s) in the caption[2] and in the statement of

---

[2] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff Morales may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff Morales needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the

claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff Morales does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the second amended complaint.[3] The naming of "John Doe" or "Jane Doe" defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff Morales shall be responsible for ascertaining the true identity of any "John Doe" or "Jane Doe" defendants and amending his complaint to include the identity of any "John Doe" or "Jane Doe" defendants before the statute of limitations period expires. Should Plaintiff Morales seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

In the statement of claim, Plaintiff Morales must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the second amended complaint. Plaintiff Morales is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff Morales's second amended complaint must:

a)  give the names and titles of all relevant persons;

b)  describe all relevant events, stating the facts that support Plaintiff Morales's case, including what each defendant did or failed to do;

c)  give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d)  give the location where each relevant event occurred;

---

second amended complaint. Any defendants named in the caption must also be discussed in Plaintiff Morales's statement of claim.

[3] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty on August 31, 2020, at the Sullivan Correctional Facility clinic, during the 7 a.m. to 3 p.m. shift."

    e)  describe how each defendant's acts or omissions violated Plaintiff Morales's rights and describe the injuries Plaintiff Morales suffered; and

    f)  state what relief Plaintiff Morales seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff Morales's second amended complaint must tell the Court: *who* violated his federally protected rights; *what* facts show that his federally protected rights were violated; *when* such violation occurred; *where* such violation occurred; and *why* Plaintiff Morales is entitled to relief. Because Plaintiff Morales's second amended complaint will completely replace, not supplement, the original and amended complaints, any facts or claims that Plaintiff Morales wishes to maintain must be included in the second amended complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff Morales and note service on the docket. Plaintiff Morales is granted leave to file a second amended complaint that complies with the standards set forth above. Plaintiff Morales must submit the second amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Second Amended Complaint," and label the document with docket number 1:20-CV-10126 (VEC). A Second Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff Morales fails to comply within the time allowed, and cannot show good cause to excuse such failure, the Court will dismiss this action for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court dismisses the "Department of Corrections" from the action for failure to state a

claim. *See id.*

SO ORDERED.

Dated:     February 9, 2021
           New York, New York

_____
          VALERIE CAPRONI
       United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____
(Include case number if one has been assigned)

**SECOND AMENDED**
**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 5/20/16

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐   Violation of my federal constitutional rights

☐   Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name                      Middle Initial                      Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                                State                                Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐   Pretrial detainee
☐   Civilly committed detainee
☐   Immigration detainee
☐   Convicted and sentenced prisoner
☐   Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name              Last Name                       Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                 Zip Code

Defendant 2:

First Name              Last Name                       Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                 Zip Code

Defendant 3:

First Name              Last Name                       Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                 Zip Code

Defendant 4:

First Name              Last Name                       Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                 Zip Code

## V.     STATEMENT OF CLAIM

Place(s) of occurrence:  _____

Date(s) of occurrence:  _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

_____

**VI.    RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.


Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.


| Dated | | Plaintiff's Signature |

| First Name | Middle Initial | Last Name |

Prison Address

| County, City | State | Zip Code |


Date on which I am delivering this complaint to prison authorities for mailing: _____