```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/15/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Jonathon Morales,

                          Plaintiff,

-against-

Department of Corrections et al.,

                          Defendants.

1:20-cv-10126 (VEC) (SDA)

**ORDER OF SERVICE**

**STEWART D. AARON, United States Magistrate Judge:**

Plaintiff, currently incarcerated at the Vernon C. Bain Center, brings this *pro se* action under 42 U.S.C. § 1983, alleging that jail officials are failing to protect him from contracting COVID-19.[1] By Order dated February 8, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[2] (Order, ECF No. 7.) Plaintiff filed a Second Amended Complaint on March 9, 2021. (Second Am. Compl., ECF No. 10.) The Court directs service on Defendants Egan and Yang, and requests that Defendant Brann waive service of summons.

**A.**     **Defendants Yang and Egan**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service

---

[1] Plaintiff Morales filed his original complaint with 49 other detainees. On November 9, 2020, the Court severed the matter into separate civil actions. (*See* 20-CV-08407, ECF No. 7.) This action is one of those severed actions. Plaintiff Morales is the only Plaintiff in this action.

[2] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed in forma pauperis. *See* 28 U.S.C. § 1915(b)(1).

to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the second amended complaint until the Court reviewed the second amended complaint and ordered that summonses be issued for Defendants Egan and Yang. The Court therefore extends the time to serve Defendants Egan and Yang until 90 days after the date that summonses are issued for those defendants. If the Second Amended Complaint is not served on Defendants Egan and Yang within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Yang and Egan through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service of the Second Amended Complaint upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

B.  **Defendant Brann**

The Clerk of Court is directed to notify the New York City Department of Correction and the New York City Law Department of this Order. The Court requests that Commissioner Cynthia Brann waive service of summons.

## CONCLUSION

The Clerk of Court is directed to electronically notify the New York City Department of Correction and the New York City Law Department of this Order. The Court requests that Defendant Brann waive service of summons.

The Clerk of Court is further instructed to: (1) issue summonses for Defendants Egan and Yang, (2) complete USM-285 forms with the addresses for Defendants Egan and Yang, and (3) deliver all documents necessary to effect service of the Second Amended Complaint (ECF No. 10) on Defendants Egan and Yang to the U.S. Marshals Service.

The Clerk of Court also is directed to mail a copy of this Order to Plaintiff along with an information package.

**SO ORDERED.**

DATED:    New York, New York
          March 15, 2021

_____
STEWART D. AARON
United States Magistrate Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Patricia Yang
   Senior Vice President for Correctional Health Services for NYC Health + Hospitals
   55 Water Street
   18th Floor
   New York, New York 10041

2. Margaret Egan
   Executive Director of the Board of Correction
   1 Centre Street
   Room 2213
   New York, New York 10007