USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 01/04/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
JONATHAN MORALES,                              :
                                                :
                          Plaintiff,            :      20-CV-10126 (VEC)
                                                :
              -against-                         :      ORDER ADOPTING
                                                :      REPORT &
CYNTHIA BRANN, PATSY YANG, and                  :      RECOMMENDATION
MARGARET EGAN,                                  :
                                                :
                          Defendants.           :
------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

WHEREAS on March 9, 2021, Plaintiff Jonathan Morales ("Morales") filed a Second Amended Complaint (the "SAC") against the then-Commissioner of the New York City Department of Correction, the Senior Vice President of Correctional Health Services, and the Executive Director of the New York City Board of Correction ("Defendants"), alleging that his constitutional rights were violated while he was a pretrial detainee at the Vernon C. Bain Center (the "VCBC") because of Defendants' failure to mitigate adequately the threat of COVID-19 at the VCBC,[1] *see* SAC, Dkt. 10;

WHEREAS on March 12, 2021, the Court referred this case to Magistrate Judge Aaron for general pretrial management and for the preparation of reports and recommendations ("R&Rs") on any dispositive motions, *see* Order, Dkt. 11;

WHEREAS at some point prior to April 14, 2021, Plaintiff was released from custody, *see* Order, Dkt. 18;

WHEREAS fact discovery concluded on March 15, 2022, *see* Order, Dkt. 43;

---

[1] Plaintiff originally sued Defendants alongside other detainees in an amended complaint dated November 20, 2020. *See* Am. Compl., Dkt. 2. On December 1, 2020, the Court severed the matter into separate civil actions. *See* Order, Dkt. 1. On February 9, 2021, the Court granted Plaintiff leave to amend. *See* Order, Dkt. 9.

WHEREAS in or around April 2022, Plaintiff was detained again at a different facility, *see* Order, Dkt. 47;

WHEREAS on June 30, 2022, Defendants moved for summary judgment, *see* Defs. Not. of Mot., Dkt. 52;

WHEREAS, to date, Plaintiff has not opposed the motion nor sought an extension to oppose the motion despite receiving a *sua sponte* extension from the Court, *see* Order, Dkt. 67;

WHEREAS on December 15, 2022, Judge Aaron entered an amended R&R (the "Amended R&R") recommending that Defendants' motion be granted, *see* Amended R&R, Dkt. 69[2];

WHEREAS in the Amended R&R, Judge Aaron notified the parties that, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), they had fourteen days to file written objections to the Amended R&R, *id.* at 15;

WHEREAS Judge Aaron further notified the parties that failure to file objections would result in both the waiver of objections and the preclusion of appellate review, *id.*;

WHEREAS no objections were filed by either party;

WHEREAS in reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge[,]" 28 U.S.C. § 636(b)(1)(C);

WHEREAS when, as here, no party objects to the R&R, the Court may accept the R&R provided that "there is no clear error on the face of the record[,]" *Heredia v. Doe*, 473 F. Supp.

---

[2] Judge Aaron originally entered an R&R on December 14, 2022 with the same recommendation but a different rationale for dismissing claims against Defendants in their official capacities. *Compare* R&R, Dkt. 68, at 10 n.4 *with* Amended R&R, Dkt. 69, at 10 n.4. The amendment does not affect this Order.

2d 462, 463 (S.D.N.Y. 2007) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *see also* Fed. R. Civ. P. 72(b) advisory committee's notes;

WHEREAS an error is clear when the reviewing court is left with a "definite and firm conviction that a mistake has been committed[,]" *see Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002) (quoting *McAllister v. United States*, 348 U.S. 19, 20 (1954)); and

WHEREAS careful review of the well-reasoned Amended R&R reveals that there is no clear error;

IT IS HEREBY ORDERED that the Amended R&R is adopted in full, Defendants' motion for summary judgment is GRANTED in full, and the case is closed.

IT IS FURTHER ORDERED that because the Amended R&R gave the parties adequate warning, *see* Amended R&R at 15, the failure to file any objections to the R&R precludes appellate review of this decision.  *See Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision.") (citation omitted).

The Clerk of Court is respectfully directed to terminate all open motions and to close this case.

**SO ORDERED.**

Date:  January 4, 2023
　　　　New York, New York

　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　**VALERIE CAPRONI**
　　　　　　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**